Allen, J.
 

 It is conceded that this court has not unrestricted jurisdiction in the correction of errors, or the review of the orders and decisions of other tribunals. Its jurisdiction is regulated by statute, and is confined to the review of such orders and judgments as are expressly mentioned in the act conferring and regulating its powers. The jurisdiction of the court for the correction of errors, although the subject of legislation was prescribed in very general terms, and so as to. bring within its powers the right to review such errors in law or equity, as had usually been redressed in appellate tribunals. Prior to 1830, an appeal to that court was allowed to all persons aggrieved by any motion, judgment, decree or order of the Court of Chancery. (1 R. L., 132.) By the Revised Statutes, the court had full power to correct and redress all errors that might happen in the Court of Chancery, and upon any order or decree of the latter court being brought by appeal to the Court for the Correction of Errors, that court was required to examine all errors that should be assigned or found in such order or decree, etc. (2 R. S., 166, §§ 24, 27; id., 605, §§ 78, 79.) But this did not authorize a review of the practice of the Court of Chancery in a matter wholly collateral to the subject of controversy. An appeal was not allowed from any decision or order that did not involve a decision upon some matter touching the merits. (Per Kent, Ch. J., in
 
 Buel
 
 v.
 
 *472
 

 Street,
 
 9 J. R., 443, and per Bronson, J.,
 
 Rowley
 
 v.
 
 Van Benthuysen,
 
 16 W. R., 369.) Whether an appeal could have been taken from an order dissolving an injunction, does not appear to have been directly decided. It was presented in
 
 Newkirk
 
 v.
 
 Willett (2
 
 J. C., 413), but was not decided, and the order was affirmed. In
 
 Mc Vickar v. Wolcott
 
 (4 J. R., 510), it was held that an appeal would lie from an order continuing’ an injunction and awarding costs. Stress was laid on the statute providing that all persons aggrieved by any order or decree of the Court of Chancery might appeal, etc. Spencer, J., says:
 
 “
 
 The appellants are aggrieved by the payment of costs if that order is not justified in legal principles; ” and again, “ in coming to a decision on a motion before the Court of Chancery, there must necessarily have been an examination into the merits of the case as disclosed by bill and answer, and the appellants have sustained a grievance in the payment of costs.” An appeal
 
 from
 
 an order of the court awarding a temporary injunction, was dismissed in
 
 The Trustees of Huntington
 
 v.
 
 Nicall
 
 (3 J. R., 566). The question as to the appealability of the orders brought up by the appeal does not appear to have been made or considered in
 
 North River Steamboat Co.
 
 v.
 
 Livingston
 
 (3 Cow., 714); or
 
 Livingston
 
 v.
 
 Reynolds
 
 (2 Hill, 157). Judge Bronson argues forcibly in
 
 Rowley
 
 v.
 
 Van Benthuysen, supra,
 
 in favor of the right of the court to review orders of the Court of Chancery, granting or refusing the writ of injunction, but it was only by way of illustration, as the question was not involved in the case under consideration, and he would confine the exercise of the jurisdiction to cases in which the order in its consequences might be equivalent to a direct decision upon the merits of the controversy. The same learned judge in
 
 Van Dewater
 
 v.
 
 Kelsey
 
 (1 Comst., 533), on an appeal to this court from an order dissolving an injunction, said “ the granting, ¿ontinuing and dissolving of temporary injunctions rests in the discretion of the court of original jurisdiction.” The question presented here does not appear to have been definitely settled prior to
 
 *473
 
 the adoption of the Code, and as that act is the guide and directory of the court on jurisdictional questions, but little aid can be derived from the practice prevalent before its adoption. It is enough, however, that the practice of reviewing upon appeal, by the court of last resort, of orders granting or dissolving injunctions was not authoritatively established, although it had in the cases cited been exercised. An injunction is one of the provisional remedies provided by the Code, and may be applied for at any time before judgment. It is rather collateral and incidental to the action than an interlocutory proceeding in it. It does not affect the progress of the action.
 

 An appeal is expressly allowed to the General Term of the court of original jurisdiction from an order at Special Term, granting, refusing, continuing or modifying a provisional remedy
 
 (Code
 
 § 349, sub. 1.) Other subdivisions of the same section give appeals from other orders in the progress of an action, or after judgment. The clause as to appeals from orders relating to provisional remedies is not found in that part of the act giving appeals to this court. The 4th subdivision of section 11 gives an .appeal in an order affecting a substantial right not involving a matter of discretion, arising upon any interlocutory proceeding, or upon any question of practice in the action.
 

 An injunction has respect to the preservation of the property pending the action, and does not necessarily affect the merits. An appeal from an order of the chancellor, ordering property to be sold and the money to be brought into court, was dismissed because it did not dispose of the rights of the parties.
 
 (Chapman
 
 v.
 
 Hammersly,
 
 4 W. R., 173.) The granting or withholding an injunction depends upon somewhat different principles; but when it does not necessarily dispose of the merits of the action, it rests in the discretion of the court, as much as whether the property in controversy shall remain in the custody of the parties or of a receiver, or be sold, and the avails brought into court. The relief of the plaintiff in the action does not necessarily depend upon
 
 *474
 
 retaining the injunction. It might in the result modify to some extent the relief to which he may be entitled. The injunction was only incidental to the relief sought and in aid of the action, and not the principal thing demanded. The merits of the action are not disposed of, nor any established precedent violated by its dissolution. It is true the merits of the action were before the court in granting and dissolving the order, and they with the other circumstances of the case, including the situation of the parties, controlled the discretion of the court. The order necessarily involved a question of discretion, as it must in all applications for continuing or dissolving an injunction, when the merits of the controversy are not substantially disposed of by the order, or established precedents do not" give the party an absolute right to the order, if any such case can exist.
 

 ■ The case is not within the provision giving an appeal to this court. The order does not necessarily affect a substantial right, and it does involve a question of discretion. Whether within the meaning of the act it arises upon an interlocutory proceeding, or upon any question of practice in the action, need not be considered. Had the court jurisdiction, it would be a proper case for a reversal of the order and a restoration of the injunction. Whatever answer or explanation may be given to the charges of fraud and foul dealing brought by the plaintiff against the principal defendants, it is quite certain that no sufficient or satisfactory refutation or ■ explanation is given in the papers before the court.
 

 For several years the two principal defendants had the notes of the plaintiff, signed in blank, to be filled up and used, as occasion should require, in his business and for his account, and have used them to a very large amount in the aggregate. Ho account, in detail, of the uses to which they have been applied has ever been furnished, and is now withheld. During all the time, by one process and another, quietly but persistently pursued, liens and encumbrances have been secured by the defendants upon the property of the plaintiff, who has by some fatuity, or through some supposed
 
 *475
 
 necessity, permitted himself to be encompassed in their toils. Both the circumstances and the evidence shadowed forth in the papers before this court are very strong against the defendants, and much of the evidence is hard to be explained consistent with honesty, and may be difficult of refutation. The Gooding judgments, amounting to over $8,000, would seem to be clearly without consideration; and one note of the plaintiff of over $7,000 appears to have been appropriated by Hunger, or by him and Gooding to his or their own use. It was in the power of these defendants, if in truth a balance was due from the plaintiff, to show it in their moving papers on the application to dissolve the injunction, and the allegations of the complaint were of that character and in that form that they were called upon to do it, and the fact that they did not with the other circumstances, tend strongly to fasten a conviction upon the mind that they could not, and that there is nothing due from the plaintiff to either. But as the court has no power to review the discretion of the Supreme Court, the facts will not be further considered.
 

 The appeal must be dismissed, but under the circumstances, without costs.
 

 All concur.
 

 Appeal dismissed.