THE PEOPLE OF THE STATE OF NEW YORK et al., Appellants, *v.* SIMON SCHOONMAKER et al., Respondents.

The right to a preliminary injunction or to an injunction *pendente lite* rests in all cases in the discretion of the court of original jurisdiction. An order therefore dissolving such an injunction does not affect a substantial right, and is not reviewable in this court.

It does not follow from an allegation or averment of a litigant of the unconstitutionality of a particular law which enters into or even which may be the foundation of a litigation, that every order made in the progress of the action involves the constitutionality of such law within the meaning of subdivision 4 of section 11 of the Code, as enacted in 1865.

*It seems* that to bring a case within that provision, the court in making the order complained of must have passed directly upon the constitutional question, and the intent of the legislature was to restrict such appeals to cases in which a law of the State is declared unconstitutional and a party thus deprived of some right given by the statute.

(Argued December 3, 1872; decided December 10, 1872.)

APPEAL from order of the General Term of the Supreme Court in the third judicial department, affirming an order of Special Term vacating a temporary injunction.

This action was brought to restrain defendants from issuing the town bonds of the town of Rosendale, Ulster county, in aid of the construction of the Wallkill Valley railroad. Defendants were appointed commissioners of that town under chapter 311, Laws of 1868. A temporary injunction was granted upon the complaint. Upon motion of defendants the injunction was vacated. Plaintiffs claimed that the act under which the bonds were issued is unconstitutional.

*T. R. Westbrook* for the appellants. The issue of the bonds would be unconstitutional. (State Const., art. 7, § 9; *Bank of Rome* v. *Village of Rome*, 18 N. Y., 38; *Gould* v. *Town of Sterling*, 23 id., 456; *Barto* v. *Himrod*, 4 Seld., 483; *People* v. *Mitchell*, 35 N. Y., 551; *Thompson* v. *Lee County*, 3 Wal., 329; *People* v. *Hurlburt*, 46 N. Y., 110, 113; *People* v. *Township Board*, 9 Am. Law Reg. [N. S.], No. 8 [O. S.], vol. 18, 496; *Whiting* v. *Sheboygan R. Co.*, 9 id., No. 3 [O. S.], 18,

156; *Hansen* v. *Vernon*, 29 Iowa; *Street* v. *Hulbert*, 51 Barb., 312.) The appeal to this court is proper; it involves the merits of the action and no question of discretion. (*Paul* v. *Munger*, 47 N. Y., 469, 472–473.)

*Samuel Hand* for the respondents. The order appealed from dissolved a temporary injunction, not affecting a substantial right, and is not appealable to this court. (Code, § 11, sub. 4; *Hasbrouck* v. *The Kingston Board of Education*, 3 Keyes, 480; *Paul* v. *Munger*, 47 N. Y., 469; *Townsend* v. *Hendricks*, 40 How., 143; *Thompson Pro. Rem.*, 336, § 7; *Bruce* v. *Del. and Hud. Canal Co.*, 19 Barb., 371; *Crocker* v. *Baker*, 3 Abb., 181; *Secor* v. *Weed*, 7 Rob., 67.) The constitutionality of the act under which the bonds were issued is well settled. (*Bank of Rome* v. *Village of Rome*, 18 N. Y., 38; *Starin* v. *Town of Genoa*, 23 id., 439; *Gould* v. *Town of Sterling*, 23 id., 439; *Clark* v. *The City of Rochester*, 28 id., 604; *People* v. *Mitchell*, 35 id., 551; *In re Tax-payers of Kingston*, 40 How. Pr., 444; *People ex rel. Harris* v. *Smith*, Albany Law Jour., vol. 4, No. 4, p. 64.)

Aʟʟᴇɴ, J. This case cannot be distinguished from *Paul* v. *Munger* (47 N. Y., 469).

The right to a preliminary injunction, or to an injunction *pendente lite*, rests, in all cases, in the discretion of the court of original jurisdiction. It is not an absolute right in any case, and therefore an order dissolving an injunction does not affect a substantial right, as that term is used in the statute, giving jurisdiction, to this court, of appeals from orders. The question was considered and deliberately decided, and the court adheres to the decision then made. The merits in the case of *Paul* v. *Munger* were considered by the court below in making the order complained of, and the appellant made a strong case for retaining the injunction; tion and had the order been reviewable here, it would, I think, have been reversed. The fact that the merits of the controversy were before the court in the present instance does not

give jurisdiction to this court. It did not and could not, in the nature of things, terminate the litigation. The action is still pending, and the issues must be tried, and judgment given precisely as if no order of injuction had ever been made or vacated.

The appellants claim that this order is reviewable here, under subdivision 4 of section 11, as enacted in 1865, as involving the constitutionality of a law of this State.

It does not follow, from an allegation or averment of a litigant, that a particular law which enters into, and, perchance, may be the foundation of the litigation, is unconstitutional; that every order, made in the progress of the action, involves the constitutionality of such law. This particular provision was framed to meet a special exigency, and to provide for a single case, and hence, like other enactments, designed for a special purpose and particular application, is not easy of interpretation, when a general application of it is sought to be made. But it would seem that, to bring a case within the provision, that the court, in making the order complained of, must pass directly upon the constitutional question; and the intent of the legislature appears to have been to restrict the appeal to cases in which a law of the State is adjudged unconstitutional, and a party is by the order of the court deprived of some right which the statute gives him. But without passing upon the construction of the act, it is sufficient to say that it nowhere appears that the court below have granted this order dissolving the injunction upon any views they may have had of the validity of the statute under the Constitution. Had the court agreed with the appellants as to the claimed unconstitutionality of the act, they may well have refused to continue the injunction, for the reason that the plaintiffs could not sustain injury by the threatened acts of the defendants; certainly no irreparable injury.

If the act was void, the bonds to be issued by the commissioners will be void; and neither the tax-payers of the town of Rosendale nor the people at large can sustain any injury.

Conceding the legal rights of the plaintiffs to maintain the action, their right to a preliminary injunction was not an absolute right, but depended upon other circumstances which were addressed to the discretion of the court.

The appeal must be dismissed.

All concur.

Appeal dismissed.