This court has, after much deliberation and a full examination of the question, repeatedly held that an order continuing or dissolving a temporary injunction, when it did not substantially dispose of the merits of the controversy, involved a question of discretion, and did not affect a substantial right, and was not, therefore, appealable to this court. The right to an injunctionpendente lite, and to retain the same until the final determination of the action, rests in *Page 176 
the discretion of the court of original jurisdiction, and is not the subject of review by this court. Judge BRONSON thus states the rule: "The granting, continuing and dissolving of temporary injunctions rests in the discretion of the original jurisdiction," and the court agreeing, dismissed an appeal from an order dissolving an injunction. (Van Dewater v. Kelsey, 1 Comst., 533; Paul v. Munger, 47 N.Y., 469; People v.Schoonmaker, 50 id., 499.) This case is not distinguishable from those cited, and is clearly within the principle adjudged. The action may proceed to a determination upon the merits, whether the injunction is continued or dissolved. Whether the case is one in which the rights and remedies as well as the liabilities of the parties can be adjusted, and whether the plaintiff has made or can make a case entitling him and those in whose behalf he prosecutes to the relief demanded, can only be adjudged upon a hearing of the case upon the merits. The Supreme Court has jurisdiction to and must, in the first instance, pass upon these and other questions that may arise, and whether the parties should be restrained in the mean time from prosecuting independent actions against the stockholders severally, rested in the discretion of that court.
The appeal must be dismissed.
All concur.
Appeal dismissed.