ADOLPH STRASSER et al., Respondents, *v.* ADOLPH MOONELIS, Appellant

The granting, continuing or dissolving of a temporary injunction is within the discretion of the court of original jurisdiction, and its determination is not reviewable in this court, except when it clearly appears from the complaint that the plaintiff could not, in any point of view, be entitled to the final relief of injunction as demanded therein.

(Argued February 28, 1888; decided March 6, 1888.)

APPEAL from order of the General Term of the Superior Court of the city of New York, dated December 6, 1887, which affirmed an order of the Special Term granting a preliminary injunction.

This action was brought to restrain the defendant from attaching to or using certain labels, or imitations thereof, upon boxes containing cigars manufactured and sold by him. An order granting a preliminary injunction was made at the Special Term upon pleadings and affidavits, which presented

a controverted state of facts. There were no findings of fact to show the particular grounds upon which the order was based.

*Lewis Johnson* for appellant.

*Antonio Knauth* for respondents.

RUGER, Ch. J. The defendant appeals from an order of the General Term of the Superior Court of New York, affirming an order of the Special Term, enjoining the defendant from attaching to or using certain labels, or imitations thereof, upon boxes containing cigars manufactured and sold by him.

The order was granted upon pleadings and affidavits presenting a controverted state of facts, and, so far as the question depends upon such facts, we must assume that the court below proceeded upon the theory that the plaintiffs' version was correct. Upon this assumption it is quite clear that the order was discretionary, and not appealable to this court. We have repeatedly held that the granting, continuing, or dissolving of a temporary injunction, is within the discretion of the court of original jurisdiction, and that its determination cannot be reviewed here. (*Pfohl* v. *Sampson*, 59 N. Y. 176; *Brown* v. *Cheese Asso.*, id. 242; *Van De Water* v. *Kelsey*, 1 id. 533; *Paul* v. *Munger*, 47 id. 469; *People* v. *Schoonmaker*, 50 id. 499.)

In the case, however, of *McHenry* v. *Jewett* (90 N. Y. 60), this rule was so far departed from, that it was held when it clearly appeared from the complaint, that the plaintiff could not in any point of view, be entitled to the final relief of injunction as demanded therein, that a temporary injunction was unauthorized, and this court would in that case review an order for an injunction *pendente lite*. With this exception the decisions in this court have been uniform to the effect that it will not review orders of this character. We have examined with some care the complaint in this action and are not prepared to say, as matter of law, that a case may not be proved under its allegations, entitling plaintiffs to some por-

tion of the relief sought. A material fact bearing upon the right of the plaintiffs to final relief, appears to be the force and effect to be ascribed to the allegation that the plaintiffs are "cigar makers," and whether that phrase imports an ownership of the cigars thus made, or permits the inference that they are never such owners. The implied allegation of ownership is controverted in the answer by a denial of any proprietory interest by the plaintiffs in the cigars thus made, and an allegation that the pecuniary interests of the plaintiffs are not affected by the use or non-use of the labels in question.

The issue thus made presents a serious question of law as to the rights of the plaintiffs, and we are not prepared to determine it in this preliminary proceeding, and in the absence of findings of fact showing the particular grounds upon which the judgment is based. (*Selchow* v. *Baker*, 93 N. Y. 59, 61.)

We think this case comes within the general rule relating to the appealability of orders granting preliminary injunctions, and the appeal should therefore be dismissed.

All concur.

Appeal dismissed.