MATILDA SCHNEIDER, Appellant, *v.* THE CITY OF ROCHESTER, Respondent.

155   619
168   ¹618

1. APPEAL — TEMPORARY INJUNCTION ORDER. An order of the General Term, affirming or reversing an order granting or denying a temporary injunction, cannot be reviewed by the Court of Appeals unless it appears from the record that the element of discretion was excluded, or that the injunction was sustained when in fact there was no power to grant it, or was set aside expressly upon that ground.

2. NON-REVIEWABLE ORDER. In an action brought by the owner of land sought to be acquired by a municipality for a public improvement, to restrain the municipality from applying for the appointment of new commissioners of appraisal after the original commissioners had reported, upon the ground that the charter gave no such power, or, if it did, that it was to that extent unconstitutional, an order of the General Term vacating a temporary injunction is not reviewable by the Court of

Appeals when silent as to the ground upon which the injunction was denied.

*Schneider* v. *City of Rochester*, 90 Hun, 171, appeal dismissed.

(Argued April 19, 1898; decided April 26, 1898.)

Appeal from an order of the late General Term of the Supreme Court in the fifth judicial department entered December 6, 1895, reversing an order made at Special Term granting a preliminary injunction.

The facts, so far as material, appear in the opinion.

*Elbridge L. Adams* and *Waldo G. Morse* for appellant. The order is appealable as affecting a substantial right and as disposing of the merits of the controversy. (*Paul* v. *Munger*, 47 N. Y. 469.)

*A. J. Rodenbeck* for respondent. The order is not appealable. (Code Civ. Pro. § 190 ; *Van Arsdale* v. *King*, 155 N. Y. 325.)

Vann, J. Under the condemnation provisions of the charter of the city of Rochester regular proceedings were instituted to acquire title to certain lands of the plaintiff for the purpose of a public improvement. (L. 1880, ch. 14, §§ 173–197, as amended by L. 1882, ch. 120 ; L. 1890, ch. 561, and L. 1892, ch. 190.) Commissioners of appraisal were duly appointed, and their report awarding $40,000 to the plaintiff, was filed with the city clerk. Section 179 of the charter provides that " upon the filing of such report the said common council shall assign a time for hearing objections to the confirmation thereof, and at the time assigned shall hear the allegations of all persons interested, and may take proof in relation thereto from time to time, and shall confirm the said report, or may set the same aside and refer the matter to the same or to new commissioners to be appointed by the said court as before, who shall, thereupon, proceed as hereinbefore provided. But the common council may set aside said report and abandon said improvement at any time before the final confirmation of the assessment roll hereafter mentioned."

Upon the day fixed for hearing objections none were made,

except by the city through its attorney, who stated no ground, so far as appears, and no proof upon the subject was taken. The plaintiff, while making no objection to the report, insisted that if it should be set aside the proceedings for the proposed improvement should be abandoned. The common council set aside the report and referred the matter to new commissioners to be appointed by the County Court of Monroe county, and directed the city attorney to make the necessary application. Thereupon the plaintiff commenced this action to restrain the defendant from applying to any court for the appointment of new commissioners, upon the ground that the charter gave no such power, or, if it did, that it was to that extent unconstitutional. Upon notice to the defendant, a temporary injunction was granted by the Special Term, but the same was set aside by the General Term and the plaintiff now comes here.

The first question that confronts us is whether the order in question is appealable to this court. As a general rule, an order refusing or vacating a temporary injunction rests in the sound discretion of the Supreme Court, and is not subject to review by this court. (*People* v. *Schoonmaker*, 50 N. Y. 499; *Pfohl* v. *Sampson*, 59 N. Y. 174; *Calkin* v. *Manhattan Oil Co.*, 65 N. Y. 557; *Selchow* v. *Baker*, 93 N. Y. 59; *Williams* v. *Western Union Tel. Co.*, 93 N. Y. 640; *Strasser* v. *Moonelis*, 108 N. Y. 611; Baylies on New Trials & Appeals, 228.) When, however, the court below dissolves such an injunction, and in its order states that it is made on the ground that the action cannot be maintained, a question of law is raised, which is reviewable here. (*Anderson* v. *Anderson*, 112 N. Y. 104.) In that case Judge PECKHAM said: " Ordinarily no appeal lies to this court from an order dissolving an injunction, but the General Term has incorporated in its order a statement that the order of the Special Term granting the injunction is reversed on the ground that the action cannot be maintained, and hence a question of law is raised which is reviewable here," citing *Allen* v. *Meyer* (73 N. Y. 1) and *Tolman* v. *Syracuse, B. & N. Y. R. R. Co.* (92 N. Y. 353). In *Allen* v. *Meyer* the

court said : "An order refusing or vacating an order granting an attachment is not appealable to this court in any case, unless the order shows that it was· refused or vacated for want of power, and an order granting an attachment is not appealable, unless it presents a question of law or absolute legal right." In the *Tolman* case it was said : " This court will review upon appeal the determination of the courts below, even upon a discretionary order where it appears that the decision was based on the ground of a want of power to grant the application." In *McHenry* v. *Jewett* (90 N. Y. 58) a preliminary injunction was granted at Special Term and affirmed at General Term, but the order of affirmance was reviewed and reversed by this court upon the ground that the complaint, which was for a permanent injunction, showed no cause of action, and, hence, a preliminary injunction was unauthorized and the granting of it an error of law.    In *Hudson River Tel. Co.* v. *Watervliet T. & R. R. Co.* (121 N. Y. 397) it was held that an order of the General Term affirming an order granting a temporary injunction is not reviewable in this court, except where it plainly appears on the face of the complaint that the case is one in which, by settled adjudication, the plaintiff, upon the facts stated, is not entitled to final relief, and that in all other cases the granting of the order rests in the sound discretion of the court of original jurisdiction, subject only to review by the General Term.    In *Birge* v. *Berlin Iron Bridge Co.* (133 N. Y. 477) it was held that where an order of the General Term vacating a temporary injunction states that it is based on the ground that the plaintiff has not a legal right to maintain the action a question of law is presented which is reviewable in this court. · In *White* v. *Inebriates' Home* (141 N. Y. 123) the complaint was for a permanent injunction restraining the defendants from doing certain acts upon the ground that chapter 169 of the Laws of 1877 was unconstitutional.    The motion of the plaintiff for a temporary injunction was denied at Special Term and the order was affirmed by the General Term.    The order of affirmance expressly " adjudged that chapter 169 of the Laws of 1877

and the whole thereof is valid and is constitutional and has not been repealed and confers power and authority" upon the defendants to do the acts in question, "and it is, *therefore*, ordered that said order  *  *  *  denying plaintiff's motion for a temporary injunction herein be and the same is in all things affirmed." Upon appeal to this court we said : "There are no controverted facts, and the complaint presented but a question of law, which was, in fact, determined adversely by the denial of the motion for an injunction. The form of the order below, by adjudging upon that question, and disposing of the issues, raises a question of law, which we can review here." As the order reviewed showed upon its face that the injunction was refused, not as a matter of discretion, but because the statute then in question was constitutional and hence there was no power to grant an injunction, a question of law was presented that gave this court jurisdiction.

In the case now before us the order of the General Term is silent as to the ground upon which the injunction was denied. It, therefore, may have been made by the court in the exercise of its discretion to refuse an injunction until the trial of the action upon the merits, when the facts will be finally determined upon all the evidence, after an opportunity for cross-examination of the witnesses.

We think the rule established by the decisions is that an order of the General Term, affirming or reversing an order granting or denying a temporary injunction, cannot be reviewed by this court unless it appears from the record that the element of discretion was excluded or that the injunction was sustained when in fact there was no power to grant it, or was set aside expressly upon that ground. Such an order of the court below presents a question of law that we have the right to review, but unless it clearly appears that the action of the court was not based upon its discretionary power we cannot review it. The application of this rule to the case in hand compels us to dismiss the appeal.

The appeal should be dismissed, with costs.

All concur.

Appeal dismissed.