## DETERMINED IN THE

# FOURTH DEPARTMENT

### IN THE

## APPELLATE DIVISION,

### October, 1898.

---

MATILDA SCHNEIDER, Appellant, v. THE CITY OF ROCHESTER,
Respondent.

*Eminent domain — the common council of the city of Rochester may set aside an award
of damages and refer the matter to new commissioners — what statement of objections
to the award is sufficient.*

The common council of the city of Rochester is authorized, under the provisions
of section 179 of the city charter (Laws of 1880, chap. 14), to set aside the report
of commissioners appointed to appraise the damages occasioned by the taking
of property for the purpose of opening a street in that city, and to refer the
matter to new commissioners to be appointed by the court.
*Semble*, that such action may be based upon the mere statement of one of the
members of the common council, to the effect that, in his opinion, the award
of damages was excessive and on a like statement by the assistant city
attorney, no evidence in relation to the objections being taken on the day fixed
by the common council for hearing objections to the confirmation of the report.
FOLLETT, J., dissented.

APPEAL by the plaintiff, Matilda Schneider, from a judgment of
the Supreme Court in favor of the defendant, entered in the office
of the clerk of the county of Monroe on the 23d day of May, 1898,
upon the decision of the court, stating separately the facts found
and the conclusions of law, rendered after a trial at the Monroe
Special Term.

The facts are stated in the dissenting opinion of FOLLETT, J.

*Elbridge L. Adams*, for the appellant.

*John F. Kinney*, for the respondent.

HARDIN, P. J. :

The constitutionality of the charter was declared by the late General Term, fifth department, when this case was before it, and the opinion delivered in this case reported in 90 Hun, 171.

In *The Matter of the Laying Out, Opening and Extending Livingston Street in the Village of Rhinebeck* (82 N. Y. 621), a charter with provisions quite similar to the charter of the city of Rochester was under review, and it was said the trustees "may, in their discretion, confirm or annul the report."

Following what was said in the two cases cited, I am constrained to vote to affirm the judgment.

GREEN and WARD, JJ., concurred; FOLLETT, J., dissented; ADAMS, J., not sitting.

FOLLETT, J. (dissenting) :

This action was begun May 5, 1895, to restrain the defendant from applying for the appointment of commissioners to reappraise the damages which would be occasioned her by taking her property for the purpose of opening a street in the city of Rochester.

The defendant is a municipal corporation of this State existing under chapter 14 of the Laws of 1880 and the acts amendatory thereof and supplementary thereto. By section 168 of said act, as amended by chapter 120 of the Laws of 1882, and by chapter 190 of the Laws of 1892, the common council of said city is authorized to open new streets, and by section 173, as amended by chapter 561 of the Laws of 1890, and by chapter 190 of the Laws of 1892, it is provided that when the common council shall determine to open a new street it shall enter on its minutes a resolution declaring such determination and describing the land to be taken therefor, which may be acquired by purchase of the owner, or in case the city and the owner are unable to agree, by condemnation. The proceedings are prescribed by section 174, as amended by chapter 190 of the Laws of 1892, and the sections following.

The plaintiff is the owner in fee of lots Nos. 7 and 8 of the Atwater and Andrews tract in said city.

August 22, 1893, the common council of the city passed a resolution that a new street should be opened, ninety feet wide, extending

from Central avenue to Granger street, and that it was necessary to acquire both of the plaintiff's lots for that purpose. Being unable to acquire the lots by purchase, the common council applied to the County Court of the county of Monroe, pursuant to section 175 of the city charter, as amended by chapter 120 of the Laws of 1882, and by chapter 190 of the Laws of 1892, " for the appointment of commissioners to ascertain and appraise the compensation which the owners, tenants or occupants of such lands and buildings, or rights and easements therein desired, or persons interested therein to be taken, will be entitled to for the same."

January 18, 1894, three commissioners were appointed by said County Court, who, after hearing the evidence of the parties in interest, duly made and filed March 28, 1894, with the clerk of the county of Monroe, their report by which they appraised the compensation to be made by the city to the plaintiff at the sum of $40,000.

Section 179 of the charter provides :

" § 179. Upon the filing of such report the said common council shall assign a time for hearing objections to the confirmation thereof, and at the time assigned shall hear the allegations of all persons interested, and may take proof in relation thereto from time to time, and shall confirm the said report, or may set the same aside and refer the matter to the same or to new commissioners to be appointed by the said court as before, who shall, thereupon, proceed as hereinbefore provided. But the common council may set aside said report and abandon said improvement at any time before the final confirmation of the assessment roll hereafter mentioned."

March 29, 1894, the common council fixed April 3, 1894, as the day for hearing the objections to the confirmation of the report, on which date the report was brought up for action. No objections to its confirmation were made, except by Alderman Rauber, who represented the ward wherein the lots are situated, who stated that in his opinion the award of damages was excessive and that the value of the property did not exceed $20,000 ; and by the assistant city attorney, who stated that in his opinion the award was excessive and that the market value of the property did not exceed $15,000 or $16,000. No evidence in relation to the objections was taken and thereupon the following resolution was adopted:

"*Resolved,* That the report of the commissioners in the matter of opening a street from Central avenue to Granger street, presented to this common council March 29, 1894, be and the same is hereby set aside and referred back to new commissioners to be appointed by the Monroe County Court as provided by section 179 of the city charter, and the city attorney is hereby directed to make the necessary application."

Thereafter the city attorney gave notice to the plaintiff that an application would be made to the County Court of the county of Monroe, on May 7, 1894, for the appointment of new commissioners to ascertain and appraise the compensation which the plaintiff was entitled to by reason of taking her lots for said street.

May 5, 1894, this action was begun to restrain such proceedings, and an injunction was granted *pendente lite* restraining such proceedings. On granting the injunction an opinion was written by the learned Special Term which is reported in 8 Miscellaneous Reports, 652; 61 New York State Reporter, 63; 29 New York Supplement, 1005, holding that section 179 was unconstitutional. On an appeal to the General Term the order was reversed (90 Hun, 171), the General Term holding that the section was constitutional. An appeal was taken to the Court of Appeals, which was dismissed (155 N. Y. 619) without considering the merits of the question. The issues in the action were brought to trial May 14, 1898, at a Special Term, the facts being agreed upon by the litigants. The learned Special Term found the facts as stipulated and directed a judgment dismissing the complaint, with costs. From the judgment entered May 23, 1898, on said decision, this appeal is taken.

The General Term having held in this action that section 179 of the city charter is constitutional that question will not be considered, but the question whether this section is broad enough to authorize the common council of the city of Rochester arbitrarily to set aside an award made by commissioners on the mere statement of a member of the common council, unsupported by evidence, that in his opinion the award is excessive, has not been considered. The Constitution provides, "nor shall private property be taken for public use, without just compensation." This just compensation must, under the charter of the city of Rochester, be determined by three commissioners and not by the common council. I think the

law-making power did not intend by this section to provide that the city of Rochester, an interested party, should have the right through its common council arbitrarily to say that the compensation is too much and that the city should have the power to have as many successive appraisals in the same proceeding as it may choose, and until one should be made meeting the views of the common council as to amount. In case it be assumed that it was the intention of the Legislature to authorize the common council to set aside an award because it is deemed excessive by the common council, I do not think it was the intention that an award should be set aside without any evidence that it is excessive. The section provides that when objections to the confirmation are made, a time shall be assigned for hearing "the allegations of all persons interested, and may take proof in relation thereto from time to time." The word "allegations," in legal parlance, usually denotes the formal averments of the parties interested, setting forth the issue which they are prepared to prove. Mere allegations, unless undenied, not supported by evidence, are not usually a sufficient foundation for a judicial, or *quasi* judicial, determination. This section, providing, as it does, for allegations by the interested party, for a hearing, and for taking proof in relation to the truth of the allegations, implies that an investigation must be had when the objection to the confirmation is based on a question of fact.

It cannot be successfully contended that a statute authorizing the plaintiff, in proceedings for the condemnation of land, to set aside as many awards as it chooses, at will, upon an unproved assertion, and in the absence of a legal ground, and have as many successive appraisals as it desires, does not affect the substantial rights of the landowner. So long as such proceedings are pending the property is out of the market, and under such a statute the proceedings may be continued indefinitely, and, besides, he is exposed to the expense and trouble of defending the proceedings during such a period as the whim or caprice of the moving party continues them. Before a statute will be construed to have such an effect, the purpose must be so plainly expressed as not to admit of a doubt as to its meaning.

Undoubtedly upon the coming in of the report the common council had the right to abandon its proceedings, but the section

does not authorize it to set aside the award as excessive without evidence to support the allegation that it is, and order a reappraisal as against the objection of the landowner.

The judgment should be reversed and a new trial granted, with costs to the appellant to abide the event.

Judgment affirmed, with costs.