## FISHER v. STAR CO.

(Supreme Court, Special Term, New York County.   August 14, 1916.)

Action by Harry C. Fisher against the Star Company.   Decree for plaintiff.

Charles E. Kelley, of New York City, for Fisher.

William A. De Ford, of New York City (Bainbridge Colby, David Gerber, and Nathan Burkan, all of New York City, of counsel), for Star Co.

GREENBAUM, J.   For the reasons stated in the opinion filed in Star Co. v. Wheeler Syndicate, 160 N. Y. Supp. 689, a decree will be entered in favor of plaintiff.

## WHEELER SYNDICATE, Inc., v. STAR CO.

(Supreme Court, Special Term, New York County.   August 14, 1916.)

Action by the Wheeler Syndicate, Incorporated, against the Star Company. Decree for plaintiff.

Charles E. Kelley, of New York City, for Wheeler Syndicate, Inc.

William A. De Ford, of New York City (Bainbridge Colby, David Gerber, and Nathan Burkan, all of New York City, of counsel), for Star Co.

GREENBAUM, J.   Upon the opinion filed this day in Star Co. v. Wheeler Syndicate, 160 N. Y. Supp. 689, a decree will be entered in favor of plaintiff.

(96 Misc. Rep. 213)

## ONONDAGA GOLF AND COUNTRY CLUB v. SYRACUSE & S. R. CO.

(Supreme Court, Equity Term, Onondaga County.   June, 1916.)

1. CARRIERS ⬲249—CARRIAGE OF PASSENGERS—VALIDITY OF SPECIAL CONTRACT.

At common law, a carrier which charged the general public only reasonable fares was not precluded from charging particular customers still lower fares.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 999; Dec. Dig. ⬲249.]

2. CARRIERS ⬲12(4)—REGULATION—CHARGES—PASSENGER RATES.

Under Public Service Commissions Law (Consol. Laws, c. 48), § 31, providing that a carrier shall charge the same compensation for the same service, etc., a contract, insuring club members a lower fare than the general public, is void if made after the law became effective.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 10, 15–20; Dec. Dig. ⬲12(4).]

3. CARRIERS ⬲12(1)—FARES—REGULATION—LEGISLATIVE POWER.

The Legislature's power to regulate railroad fares is not limited by a contract previously made between a railroad and one of its patrons.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 7, 15–20; Dec. Dig. ⬲12(1).]

4. CARRIERS ⬲258—REGULATIONS—FARES—EFFECT OF REGULATION ON PRIOR CONTRACT.

Where a contract insured club members a certain fare, but, upon passage of the Public Service Commission Law, the carrier filed tariffs,