LOWELL LAMB & COMPANY, INC., Appellant, *v.* ALBERT HERSKOVITS
and Another, Copartners Doing Business under the Firm Name
and Style of ALBERT HERSKOVITS & SON, Respondents.

First Department, February 9, 1923.

**Trade marks and trade names — employee does not lose exclusive right
to use of trade mark by using same to attract business for benefit of
himself and employer — trade mark associated with skill of owner
does not pass by assignment in bankruptcy — employer to whom trade
mark is assigned for use may protect it.**

An employee may have a trade mark or symbol of his own and use the same while
so employed as designating the origin of the result of his work, or in attracting
business for the mutual benefit of himself and his employer.

The president of the plaintiff, prior to his connection with the plaintiff, had used
the walking animal sign in conjunction with the words " We are going to Lowell
Lamb to be assorted, where our value will be appreciated." The sign was
used by him while in business for himself and later while connected with a
company and also while in the employ of the defendant. On the reverse side
of the sign was printed the address to which the furs were to be sent.

*Held,* that the exclusive right to the use of the emblem was not destroyed by
the fact that Lowell Lamb, the president of the plaintiff, had used it in advertis-
ing defendant's business, for at no time did the defendant's name appear on the
sign or emblem, except on the reverse side thereof, as the address to which the
furs were to be sent to be graded by Lowell Lamb.

Since the pecuniary value of the emblem is associated with the personal skill
or knowledge of Lowell Lamb, the right to use the emblem did not pass by assign-
ment in bankruptcy.

While the owner of the emblem, who was president and general manager of the
plaintiff, is in the employ of the plaintiff, the latter has the right to take advantage
of the assignment to it of the right to use and protect the emblem.

APPEAL by the plaintiff, Lowell Lamb & Company, Inc., from
a judgment of the Supreme Court in favor of the defendants,
entered in the office of the clerk of the county of New York on
the 17th day of April, 1920, upon the decision of the court rendered
after a trial at the New York Special Term dismissing the complaint.

*Joseph Joffe* [*Louis Joffe* with him on the brief], for the appellant.

*Harry J. Moskowitz* [*Isidor E. Schlesinger*], for the respondents.

FINCH, J.:

Lowell Lamb adopted, and for many years has used, the walking
animal sign in conjunction with the words, " We are going to
Lowell Lamb to be assorted, where our value will be appreciated."
This sign was used by Lowell Lamb while in business for himself
individually, and also while doing business as, or connected with,
the Trappers and Shippers Company. The same sign was also

used when Lowell Lamb was in the employ of the defendant Herskovits. On the reverse side of the sign was printed the address to which the furs were to be sent, which varied according to where Lowell Lamb was then located. Lowell Lamb claims particular ability in the grading and sorting of furs, and it is this personal quality that is associated with the sign or emblem, the use of which is calculated to induce in the minds of trappers a belief that the furs, wherever sent in response to the advertisement, will be sorted and graded by Lowell Lamb. The Special Term held that Lowell Lamb's exclusive right to the use of the emblem was destroyed by the fact that he had used it in advertising the defendants' business. The record, however, does not sustain such a finding. At no time did the defendants' name appear on the sign or emblem, except on the reverse side thereof, as the address to which the furs were to be sent to be graded by Lowell Lamb. It is well settled that an employee may have a trade mark or symbol of his own, and use the same while so employed, as designating the origin of the result of his work, or in attracting business for the mutual benefit of himself and his employer. (*Strasser* v. *Moonelis*, 55 N. Y. Super. Ct. 197; affd., 108 N. Y. 611; *Fisher* v. *Star Co.*, 231 id. 414; *Hetterman Bros. & Co.* v. *Powers*, 102 Ky. 133.)

As shown above, the pecuniary value of the emblem is associated with the personal skill or knowledge of Lowell Lamb, and hence the right to use the emblem did not pass by the assignment in bankruptcy in 1911. (*Cutter* v. *Gudebrod Brothers Co.*, 44 App. Div. 605; affd., 168 N. Y. 512.)

For the same reason, to permit the use of the emblem by the defendants would be calculated to deceive the public as well as injure the plaintiff.

It appears that Lowell Lamb is the president and general manager of the plaintiff, and while he is in its employ the latter has the right to take advantage of the assignment to it of the right to use and protect this emblem. (*Wheeler Syndicate, Inc.*, v. *Star Co.*, 160 N. Y. Supp. 693; affd., 188 App. Div. 964; affd., 231 N. Y. 607; *Cutter* v. *Gudebrod Brothers Co.*, *supra.*)

The judgment should be reversed, with costs, and judgment directed for the plaintiff, with costs.

CLARKE, P. J., DOWLING, PAGE and MERRELL, JJ., concur.

Judgment reversed, with costs, and judgment directed for plaintiff, with costs. Settle order on notice.