Mary Elizabeth McColgan, as Executrix, etc., of Elizabeth McColgan, Deceased, Plaintiff, *v.* Harry Dodds, Defendant.

Supreme Court, New York Special Term, May 1, 1925.

**Injunction — damages — reference, pursuant to Civil Practice Act, § 894, to ascertain damages from temporary injunction — amount of damages limited to sum fixed in surety bond furnished by plaintiff under Civil Practice Act, §§ 819 and 893, upon procuring temporary injunction.**

Upon a reference granted pursuant to·section 894 of the Civil Practice Act to ascertain the damages suffered by the defendant, as a result of a temporary restraining order procured by the plaintiff in an action to enjoin the defendant from prosecuting certain causes in the Municipal Court of the city of New York, the amount of damages which may be awarded by the referee is limited by the sum fixed in the surety bond furnished by the plaintiff, pursuant to sections 819 and 893 of the Civil Practice Act, upon procuring the temporary restraining order.

Motion to confirm report of referee appointed to ascertain damages sustained as result of temporary injunction.

*Durand, Bowen & Byrne* [*Harry F. Byrne* of counsel], for the plaintiff.

*Herman Goldman* [*Max A. Geller* of counsel], for the defendant.

LEVY, J.:

The plaintiff brought an action to restrain the defendant from prosecuting certain causes in the Municipal Court and as incidental relief obtained a temporary restraining order upon the filing of a surety company bond in the sum of $250. The application for an injunction was denied, and upon appeal to the Appellate Division the order was affirmed (209 App. Div. 870). Thereafter, upon motion made and granted pursuant to section 894 of the Civil Practice Act the matter was referred to a referee to ascertain and determine the damages suffered by the defendant as a result of such stay. The referee found for the defendant in the sum of $800, and the latter seeks to have the report of the former confirmed. The plaintiff opposes such confirmation on the ground that the referee was without power to award the defendant as damages a sum greater than that nominated in the bond, namely, $250.

At common law the party aggrieved by the granting of an injunction erroneously could not recover damages unless it appeared that the action was maliciously instituted. (*Lawton* v. *Green*, 64 N. Y. 326, 330; *Palmer* v. *Foley*, 71 id. 106, 108; *City of Yonkers* v. *Federal S. R. Co.*, 221 id. 206, 208.) By sections 819 and 893 of the Civil Practice Act such party is afforded a measure of relief by the requirement that the one applying for an injunction furnish an undertaking in a sum specified by the court or the judge for the protection of the other. If, subsequently, it develops that the injunction was improperly or improvidently granted, the defendant could move for a reference pursuant to section 894 of the Civil Practice Act so that the damages claimed to be sustained, if any, might be assessed. But in no event may the amount allowed by the referee exceed that fixed by the undertaking. (*City of Yonkers* v. *Federal S. R. Co., supra; Palmer* v. *Foley, supra; Lawton* v. *Green, supra.*) When an application is made for injunctive relief in this manner, the court or judge is at liberty to nominate the amount of the security according to the circumstances in the given case. It then becomes the source and measure of liability and the criterion by which the injured party may have his damages determined. If the sum thus fixed in the undertaking proves to be insufficient, such party may move to have the same appropriately increased. But when no such motion has been made and the amount of the undertaking has been fixed, the defendant cannot recover more than the sum specified.

The report of the referee must, therefore, be modified, so as to fix the damages by reason of the injury worked by the injunction at the sum of $250 and in that state confirmed, without costs to either party.