Bert B. Lockwood, J.
On May 7, 1959, a bond in the sum of $3,000 was filed pursuant to an order of this court which restrained the defendant from practicing opthalmic dispensing in the City of Syracuse during the pendency of this action. No appeal was ever filed from said order, nor did the defendant apply, while the said restraining order was in effect, to appropriately increase the sum fixed in the undertaking on the ground it was insufficient. On July 6,1960, an order was made vacating the temporary restraining order. The defendant now claims that while the said restraining order was in effect and prior to the time it was vacated on July 6, 1960, the defendant sustained damages far in excess of the amount of the $3,000 bond and asks to have the bond increased to $20,000.
Should it develop that the injunction was improperly or improvidently granted, any damages which the defendant may *520 recover may not exceed the amount fixed by the undertaking. (McColgan v. Dodds, 125 Misc. 36.) The surety is relieved of all liability after the date of the order vacating the temporary injunction. However, the undertaking secures all damages occurring prior to the vacatur of the stay and the bond remains in effect as to the period of the stay and cannot be cancelled until either damages have been assessed thereunder or until the plaintiff is ultimately successful and the matter finally adjudicated (Apollo Stationery Co. v. Pilmar, 11 Misc 2d 268). Had the plaintiffs not applied for and obtained a temporary injunction, they would have been liable only for the usual statutory costs. When they took the risk involved in obtaining such an injunction, they rendered themselves liable in the event of an adverse final determination for damages sustained by the defendant by reason of the injunction. (Pisen v. Post, 15 Misc 2d 59.) The fixing of a bond is prospective in nature and once the amount of the bond has been determined, the burden rests with the party who has been enjoined to have the amount of the bond increased if at any time he feels the damages are likely to exceed the amount of the bond. The type of undertaking provided for in section 893 of the Civil Practice Act is to the effect that the plaintiff will pay to the party enjoined, such damages, not exceeding the sum specified in the undertaking as he may sustain by reason of the injunction. It is also clear that any application to increase the amount of the undertaking must be made while the restraining order is still in effect and even if the relief is granted, any amount of increase in the bond would not cover damages sustained prior to the granting of the increase.
In view of the foregoing, the defendant is not entitled to the relief applied for and his motion is therefore denied.