OPINION OF THE COURT
Meyer, J.
Affirmance by the Appellate Division of an order granting a preliminary injunction is not a final determination of plaintiffs’ entitlement to an injunction within the meaning of CPLR 6312 (b) and does not entitle plaintiffs to an order discharging the undertaking given to obtain the preliminary *400 injunction. The order of the Appellate Division should, therefore, be affirmed, with costs.
I
In the action underlying this appeal plaintiffs sought to recover for claimed theft of trade secrets and confidential business information, for unfair competition and as to two of the defendants for breach of fiduciary duty. On the basis of their verified complaint plaintiffs obtained an order, which was served together with the complaint on May 29, 1984, requiring defendants to show cause why a preliminary injunction should not issue. The order temporarily restrained defendants from utilizing the claimed trade secrets and business information and from competing unfairly but required no bond.
After an evidentiary hearing, Special Term, concluding that there were factual issues to be tried, granted plaintiffs a preliminary injunction conditioned upon their furnishing an undertaking in the amount of $100,000 "to secure the payment of defendants’ damages and costs as may be sustained by any party who is found to be wrongfully restrained by reason of this preliminary injunction” and set the matter for trial at the September 1984 Trial Term. The bond as issued, however, was conditioned to pay "such damages and costs * * * as [defendants] may sustain by reason of the issuance of the temporary [sic] restraining order, if the court finally decides that plaintiff [sic] was not entitled thereto.”[1] On defendants’ appeal from the order granting the preliminary injunction the Appellate Division affirmed (106 AD2d 926).
Plaintiffs then moved for an order discharging the bond and, on stipulation of the parties, the matter was referred to a Judicial Hearing Officer (JHO) to decide all issues. By order dated April 15, 1985, the JHO discharged the undertaking but ordered that the preliminary injunction "shall otherwise remain in full force and effect”. He held in reliance on Margolies v Encounter, Inc. (42 NY2d 475) that the issue was *401 whether plaintiffs were entitled to a preliminary injunction, not whether they had a right to a permanent injunction, and concluded that on that question the Appellate Division’s affirmance was the law of the case that the preliminary injunction had been properly issued.
On defendants’ appeal from that order the Appellate Division reversed on the law and denied the motion to discharge the bond, two Justices dissenting (117 AD2d 997), and certified to us the question whether its order was properly made.[2] The majority, distinguishing Margolies, noted that the purpose of a preliminary injunction is to preserve the status quo even though plaintiff’s right to ultimate relief has not been proven and that if it is finally determined that plaintiff has no cause of action defendant is entitled to recover damages sustained as a result of being enjoined from doing what he had a right to do. The dissenters construed Margolies as foreclosing such a holding, and the prior affirmance of the grant of the injunction the law of the case and not subject to relitigation.
Before us plaintiffs argue that, the undertaking having been discharged, the Appellate Division should have dismissed the appeal as moot; that the Appellate Division’s prior affirmance is the law of the case; and that Margolies is controlling. We disagree and, therefore, affirm and answer the certified question in the affirmative.
II
The mootness argument is predicated on cases holding that the undertaking is the source of liability and, therefore, absent an undertaking there is no right, short of an action for malicious prosecution, to recover for damage resulting from the issuance of court process. While such holdings are undoubtedly good law (City of Yonkers v Federal Sugar Refining Co., 221 NY 206; Honeywell, Inc. v Technical Bldg. Servs., 103 AD2d 433; see, 7A Weinstein-Korn-Miller, NY Civ Prac H 6315.05), it does not follow that when an undertaking has been required and is then improperly discharged the undertaking no longer exists and the impropriety of its discharge cannot be corrected by an appellate court. Indeed, Margolies v Encounter, Inc. (42 NY2d 475, supra), on which plaintiffs rely, *402 is authority to the contrary for, notwithstanding that Special Term had "granted plaintiffs’ motion to discharge the undertaking” (42 NY2d, at p 478), we reversed and remitted "for entry of an order directing payment of damages to Encounter to the extent of the full liability on the undertaking” (id.; cf. University of Tex. v Camenisch, 451 US 390).
The contention that defendants are barred by the law of the case because they appealed unsuccessfully the order granting the injunction to the Appellate Division and did not thereafter seek to appeal to this court stands plaintiffs in no better stead. Like arguments were made and rejected in Walker Mem. Baptist Church v Saunders (285 NY 462, 474): "The plaintiff urges upon this appeal that the law of the case was conclusively determined by the order of the Appellate Division affirming the granting of the temporary injunction since that order, it is argued, constitutes an adjudication that the complaint sets forth a good cause of action. A complete answer to this contention is that the granting of a temporary injunction serves only to hold the matter is statu quo until opportunity is afforded to decide upon the merits. The granting or refusal of a temporary injunction does not constitute the law of the case or an adjudication on the merits, and the issues must be tried to the same extent as though no temporary injunction had been applied for. In addition, since the injunction order lay in the discretion of the Special Term and the Appellate Division, the decision thereon was not appeal-able to this court (Brown v. Keeney Settlement Cheese Assn., 59 N. Y. 242; Strasser v. Moonelis, 108 N. Y. 611; Schneider v. City of Rochester, 155 N. Y. 619), and the proceeding is not material here.”[3]
We are thus brought to the substantive issue — whether there has been a final determination of plaintiffs’ right to an injunction within the meaning of CPLR 6312 (b). That provision, so far as here pertinent, directs that "prior to the granting of a preliminary injunction, the plaintiff shall give an undertaking in an amount to be fixed by the court, that the plaintiff, if it is finally determined that he was not entitled to an injunction, will pay to the defendant all dam *403 ages and costs which may be sustained by reason of the injunction”. At common law New York courts were without power, absent malice, to award damages for injury occasioned by the issuance of an injunction even though it was determined in the action that the plaintiff was not entitled to it (City of Yonkers v Federal Sugar Refining Co., 221 NY, at p 208, supra; Lawton v Green, 64 NY 326, 330). It was not until the adoption of the 31st rule of the Court of Chancery,[4] thereafter incorporated in Code of Procedure § 222 (Field Code), that it acquired the power, limited by the amount of the undertaking, to do so (Lawton v Green, supra). The Code provision which used the words "if the court shall finally decide that the plaintiff was not entitled thereto” was carried forward in essentially the same form into the Code of Civil Procedure (Throop Code) as section 620, into the Civil Practice Act as section 893 and ultimately into CPLR 6312 (b), the words "finally decides” being changed in the present provision to "finally determined.”
Of interest on the question before us is the fact that, as enacted in 1876, the Throop Code contained a section 622 which defined what "finally decided” meant.[5] Although the language of that section lends support to the conclusion *404 reached by the Appellate Division majority, it is not determinative because the provision was stricken by Laws of 1877 (ch 416, § 128),[6] thus leaving definition of the term to be worked out by the courts on a case-by-case basis. Plaintiffs argue that the Appellate Division decision affirming the preliminary injunction order is a final determination that the order was properly granted. It is, of course, true that such an order is final in the sense that no appeal from it will lie to this court except, perhaps, when the issue turns on a pure question of law, such as the sufficiency of the complaint, or upon irreparable injury (compare, Cohen and Karger, Powers of the New York Court of Appeals, at 156 [rev ed], with id., at 610). But the preliminary injunction here granted rested on Special Term’s conclusion after an evidentiary hearing that there were issues of fact and, in any event, CPLR 6312 (b) is concerned not with finality in terms of this court’s jurisdiction, but with a final determination of rights between the parties.
Thus, when defendant consents to the discontinuance of the action without reserving his rights on the undertaking, there can be no recovery on the bond because there can be no such final determination (Palmer v Foley, 71 NY 106), but when, without defendant’s consent, plaintiff discontinues the action his doing so is equivalent to a determination that he was not entitled to the injunction and permits defendant to recover on the bond (Pacific Mail S. S. Co. v Toel, 85 NY 646). So also when there is a dismissal for failure to state a cause of action, there is a final determination within the meaning of the provision in question (see, Williams v Montgomery, 148 NY 519, 524), but when dismissal occurs for a reason arising subsequent to the grant of the injunction but not going to the merits there is not (Apollinaris Co. v Venable, 136 NY 46). In the latter case, however, a determination of the merits may thereafter be obtained by either party in order to settle the respective rights on the undertaking (Williams v Montgomery, supra; Schenectady Chems. v Flacke, 113 AD2d 168, 171; Hathorn v Natural Carbonic Gas Co., 163 App Div 768).
It thus appears that the determination of the merits upon trial of the action may, indeed, establish whether a plaintiff *405 was entitled to an injunction within the meaning of the bond. The fallacy in the present plaintiffs’ argument to the contrary lies in their emphasis upon the purpose of the preliminary injunction (to protect plaintiff’s right to vindication after trial, lest a victory be Pyrrhic) rather than upon the purpose of the undertaking they are required to post in order to obtain the injunction. As is evident from the reversal, first by Chancery rule and then by statute, of the common-law rule, that purpose was "to reimburse the defendant for damages sustained if it is later finally determined that the preliminary injunction was erroneously granted” (Margolies v Encounter, Inc., 42 NY2d, at p 477, supra; accord, Schenectady Chems. v Flacke, 113 AD2d, at p 170, supra [" '(t)o afford reasonable protection to defendants from an erroneous grant of a preliminary injunction’ ”]).
That there was no error in the grant of a preliminary injunction in terms of its initial issuance, of course, does not mean that it cannot or will not ultimately be found to have been erroneously granted[7] and affords no reason for discharge of the undertaking while the preliminary injunction remains in force. A preliminary injunction, unless sooner abrogated, continues in force until judgment in the action is rendered (Jackson v Bunnell, 113 NY 216, 220). So long as it continues the bond cannot be canceled (Carpenter & Hughes v De Joseph, 29 Misc 2d 519, 520), for to do so leaves the defendant without the protection which the Chancery rule and later statutes were intended to provide him.[8] It is no answer, as plaintiffs suggest, that defendants could have moved to vacate or modify the preliminary injunction (CPLR 6314) or to obtain a new undertaking against damages resulting from continuance of the injunction. As to the first, the prior decision of the Appellate Division, not appealable to this court for the reason above noted, would be the law of the case, binding upon Special Term, that the injunction granted was proper. As to the second, nothing in the CPLR or predecessor provisions *406 suggests a legislative intent to leave a defendant unprotected while an injunction continues or to require such circuity of action in order to obtain protection against such damage as may be caused by the continuing injunction (see, Musgrave v Sherwood, 76 NY 194, 196).
It is no more of an answer to argue, as do plaintiffs, that defendants need not have appealed from the interlocutory order granting the preliminary injunction and by doing so risked the forfeiture of their right to recover on the bond in the event of an affirmance. The Appellate Division’s order affirmed Special Term’s interlocutory order and was itself interlocutory. Carried to its logical extreme, the argument would require the conclusion that once defendants’ time to appeal from the Special Term order which granted the injunction on condition that a bond be posted to protect defendants had passed without a notice of appeal being filed, plaintiffs could move to discharge the bond, the order granting the injunction being then a final determination that it had been properly granted. It is inconceivable that the rule and statutes were designed to provide a defendant with such ephemeral protection or present him or her with such a Hobson’s choice.
What plaintiffs’ arguments ignore is that liability under CPLR 6312 (b) turns on whether "it is finally determined that [plaintiff] was not entitled to an injunction” (emphasis supplied). To be entitled to a preliminary injunction, the moving party must demonstrate (1) a likelihood of success on the merits, (2) irreparable injury if provisional relief is not granted and (3) that the equities are in his favor (Grant Co. v Srogi, 52 NY2d 496, 517). Thus a preliminary injunction, even when issued after an evidentiary hearing, depends upon probabilities, any or all of which may be disproven when the action is tried on the merits, and the affirmance of an order granting a preliminary injunction determines no more than that the discretion exercised in favor of granting the order was not based upon a demonstration of those probabilities so insufficient as to constitute an abuse of discretion. In short, the Appellate Division’s prior order, though final in the sense that it could not be further appealed, determined only that plaintiffs had made a sufficient showing to warrant provisional relief but did not foreclose the possibility that it would be finally determined that plaintiffs were "not entitled to an injunction” and, therefore, did not authorize discharge of the undertaking.
*407 Margolies is not, as appellants argue, to the contrary. The precedential value of a judicial opinion is limited to the question presented by the facts of the case before the court (Towley v King Arthur Rings, 40 NY2d 129, 132-133; Matter of Smathers, 309 NY 487, 495; Hogan v Board of Educ., 200 NY 370, 373; Crane v Bennett, 177 NY 106, 112). Margolies, like the present case, involved an earlier appeal from the grant of a preliminary injunction, as a result of which the Appellate Division held it had been improperly issued, there being no showing of irreparable injury. In the underlying action plaintiffs sought to enjoin the use of premises leased by defendant to provide services to drug-dependent persons. For reasons extraneous to the action, defendant vacated the premises before it came to trial. Plaintiffs then moved for an order discontinuing the action and discharging their undertaking. Defendant joined in the request for discontinuance but opposed the application for discharge of the bond.
The lower courts held that though defendant had suffered damage it could not recover on the bond because there had been no final determination that plaintiffs were not entitled to an injunction. We reversed, holding the prior Appellate Division decision that irreparable injury had not been shown was indeed such a final determination, and that defendant’s right to recover on the undertaking had not been defeated by its consent to discontinuance in view of the reservation of its right to recover on the bond. In so holding we noted that (42 NY2d, at p 481): "The determination of the Appellate Division in vacating the preliminary injunction in this case was based on reasoning that a preliminary injunction should never have been issued. The case would be quite different had the court concluded that while the preliminary injunction had been initially properly granted, nonetheless it should be vacated as of the later date.” Thus the holding of the Margolies case is that on the particular facts before it — the prior holding that there was no predicate for issuance of the preliminary injunction and the discontinuance of the action — it had been finally determined that plaintiffs were never entitled to the preliminary injunction in the first place.[9] It is in this sense that the *408 language in the Margolies opinion, on which plaintiffs rely[10] was used. The present case is, however, "quite different”, for here (to use the language of the Margolies decision quoted above), while the prior Appellate Division decision "concluded that * * * the preliminary injunction had been initially properly granted,” the later Trial Term decision[11] held that "nonetheless it should be vacated as of the later date.”
Our conclusion that a determination upholding the issuance of a preliminary injunction does not authorize discharge of the undertaking posted to obtain the injunction is supported by decisions of the courts of other States construing identically worded statutes (Nuclear Electronic Labs. v Cornell Co., 239 Cal App 2d 8, 48 Cal Rptr 416; Beech v United States Fid. & Guar. Co., 54 Idaho 255, 30 P2d 1079; Palace Pharmacy v Gardner & Guidone, 164 Ind App 513, 329 NE2d 642; Knappett v Locke, 92 Wn 2d 643, 600 P2d 1257; see, Luker v Perry, 351 So 2d 591 [Ala Civ App]; Dean Chevrolet v Painters, Decorators & Paperhangers, 155 So 2d 422 [Fla Ct App]; Hatch v National Sur. Corp., 105 Mont 245, 72 P2d 107; Gibson Oil Co. v Kelley, 169 Okla 218, 36 P2d 1111) as well as by commentators and text writers (Note, 73 Harv L Rev 333, 342; Ann., 92 ALR 273; 12 Carmody-Wait 2d, NY Prac, Injunctions § 78:122, at 327; 43A CJS, Injunctions, § 320, at 706; 28 NY Jur, Injunctions, § 192, at 545).
For the foregoing reasons, the order of the Appellate Division should be affirmed, _ with costs, and the certified question answered in the affirmative.
*409 Chief Judge Wachtler and Judges Simons, Kaye, Alexander and Titone concur; Judge Hancock, Jr., taking no part. Order affirmed, etc.

. We need not consider whether the arguably broader language of the order rather than the language of the bond given governs, for defendants make no such argument. The reference in the bond to a "temporary restraining order” was clearly erroneous, however, for although the order to show cause granted a temporary restraining order, it specifically provided, as authorized by CPLR 6313 (c), that no undertaking was required for that order.

. We are informed by the briefs that after the appeal was taken, but before argument, the underlying action was tried on the merits and resulted in dismissal of the complaint. Plaintiffs have appealed that determination to the Appellate Division.

. See also, James v Board of Educ. (42 NY2d 357, 363 [holding such orders not appealable to this court]). Plaintiffs would distinguish the Saunders holding on the ground that it concerned the merits of the case for purposes of the subsequent trial but not the merits of the grant of the preliminary injunction. For the reasons stated below we do not find the distinction persuasive.

. Manufacturers & Traders’ Bank v Dare Co. (67 Hun 44, 48, affd on opn below sub nom. Manufacturers & Traders’ Bank v Folk, 138 NY 635) quotes that rule as providing for an undertaking conditioned to pay to the party enjoined "such damages as he may sustain by reason of the injunction, if the court shall eventually decide that the complainant was not equitably entitled to such injunction.”

. That section read:
"The court is deemed to have finally decided, that the plaintiff was not entitled to the injunction, within the meaning of this article, or of an undertaking given pursuant thereto, in either of the following cases:
"1. Where the right to an injunction depends upon the nature of the action, when a final judgment is rendered in the action, which does not establish the plaintiffs right to a perpetual injunction.
"2. In any other case, when the injunction order is vacated; or, if an application to vacate it is not made, or is denied, when final judgment against the plaintiff is rendered in the action; or, if two or more causes of action are joined in the complaint, when final judgment is so rendered upon the cause of action, with respect to which the injunction order was granted.
"3. Where an appeal is taken from a judgment or order, specified in either of the last two subdivisions, and a stay of proceedings is obtained thereupon, when the judgment or order is finally affirmed in, or the appeal is dismissed by, the highest court, to which an appeal therefrom is taken.”
The Commissioner’s 1872 first draft of the section (then § 606) was followed by the notation, "New; intended to clear up some doubts that exist, as to the meaning of the words 'finally decide.’ ”

. The 1877 Throop Code contained (at 264) the Commissioner’s notation that, "Section 622 of the act of 1876, prepared to remove doubts, as to the meaning of the words 'finally decide,’ was stricken out by the amendatory act of 1877.” There is no legislative history revealing the basis for striking the section.

. In characteristic fashion Judge Jerome Frank described a preliminary injunction in Hamilton Watch Co. v Benrus Watch Co. (206 F2d 738, 742) as "by its very nature, interlocutory, tentative, provisional, ad interim, impermanent, mutable, not fixed or final or conclusive, characterized by its for-the-time-beingness.”

. Defendants’ brief concedes that they do not seek damages for the period prior to the Appellate Division’s affirmance of the grant of the preliminary injunction. We consider, therefore, only the right to damages thereafter and do not reach or consider whether there is a right, notwithstanding the affirmance, to such damages as were earlier occasioned.

. The importance of the discontinuance to that conclusion is pointed up by the holding in Methodist Churches v Barker (18 NY 463) that final judgment dismissing the complaint did not bar a reference thereafter to ascertain damages, notwithstanding the earlier dissolution of the injunction. Said the court (at p 465): "The injunction, it is true, was dissolved before the *408 judgment dismissing the complaint. But the order of dissolution was not in its nature a final determination that the plaintiff in the suit was not entitled to the injunction. An order, made pending a suit, dissolving a temporary injunction, by no means determines that the party in whose favor it has been granted may not be entitled to that relief at the final decision of the cause. It may be dissolved for irregularity, or because the case is badly stated in the complaint, or upon the answer of the defendant and affidavits; and yet, at the final hearing, it may be decided that the defendant ought to be enjoined. In most cases, therefore, if not in all, a reference ordered before judgment, to ascertain the damages to be recovered upon the undertaking or security, would be premature.” (See also, New York Sec. & Trust Co. v Lipman, 83 Hun 569, 571.)

. 42 NY2d, at p 479: "the statute refers to a final determination that the plaintiffs were not entitled to the preliminary injunction, rather than a determination with respect to their right to a permanent injunction or other favorable outcome on the merits of the main action.”

. That decision being on appeal is not yet final in the statutory sense, but because it may hereafter be upheld plaintiffs are not now entitled to discharge of the undertaking.