■ SCHENECTADY CHEMICALS, INC., Respondent, v ROBERT F. FLACKE, as Commissioner of the New York State Department of Environmental Conservation, et al., Defendants, and BONDED CONCRETE, INC., et al., Appellants.—Mahoney, P. J. Appeal from an order of the Supreme Court (Walsh, Jr., J.), entered August 17, 1987 in Schenectady County, which, *inter alia,* granted plaintiff's motion to terminate any liability which plaintiff might have to defendants for damages resulting from the issuance of a preliminary injunction and discharged the surety on its bond.

The facts underlying this action are set forth in our prior decision (113 AD2d 168) *(see also, Matter of Schenectady Chems. v Flacke,* 83 AD2d 460), in which we observed that plaintiff's action for a permanent injunction was moot and remitted the matter to Supreme Court to determine whether the preliminary injunction enjoining defendants* from mining was improvidently granted. On remittal, Supreme Court determined that resolution of this issue was irrelevant because defendants, without a mining permit during the subject period *(see,* 113 AD2d 168, 169-170, *supra),* were not entitled to perform any mining and, therefore, could not have been damaged by plaintiff's preliminary injunction. Accordingly, Supreme Court discharged the undertaking and terminated

---

* As in the prior appeal, our references to defendants are to Bonded Concrete, Inc., and Troy Sand and Gravel Company, Inc.

any liability by plaintiff to defendants. This appeal by defendants followed.

We have already held that Supreme Court must determine whether the preliminary injunction was properly granted *(supra,* at 171), a result which was cited with approval by the Court of Appeals in *Preston Corp. v Fabrication Enters.* (68 NY2d 397, 404). We do not agree with Supreme Court's assessment that this determination is irrelevant because defendants did not have a mining permit during the subject period. Defendants contend that even without the permit, they could have mined up to 1,000 tons of minerals per year *(see,* ECL 23-2711 [1]; 6 NYCRR 420.2 [b]; 421.1 [a]) but for the preliminary injunction, which forbids any mining. If so, and if plaintiff was not entitled to the preliminary injunction, defendants could be entitled to damages. Defendants are entitled to an opportunity to prove this and other claims, the merits of which, of course, we express no opinion.

We also reject plaintiff's claim that the propriety of the grant of the preliminary injunction has been finally determined and, therefore, defendants are collaterally estopped from relitigating this issue. "CPLR 6312 (b) is concerned * * * with a final determination of rights between the parties" *(Preston Corp. v Fabrication Enters., supra,* at 404). When this matter was previously before us, we observed that the denial of defendants' mining permit application was "not a determination regarding plaintiff's entitlement to the preliminary injunction at the time it was granted" (113 AD2d 168, 171, *supra).* Plaintiff's various successes in this litigation do not change our assessment and a final determination of rights between the parties remains to be accomplished. For all these reasons, remittal is again warranted.

Order modified, on the law, without costs, by reversing so much thereof as granted plaintiff's motion to terminate its liability and exonerated plaintiff's surety on its bond; undertaking reinstated and matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision; and, as so modified, affirmed. Mahoney, P. J., Casey, Yesawich, Jr., Levine and Harvey, JJ., concur.