■ Penthouse Terraces, Inc., Respondent, v Thomas J. McGrath, Individually and as President of the Board of Managers of 988 Fifth Avenue Condominium, et al., Appellants, et al., Defendants.—Order of the Supreme Court, New York County (Francis N. Pecora, J.), entered on or about January 5, 1990, which granted plaintiff's motion for partial summary judgment to the extent of, *inter alia*, directing defendants to allow plaintiff to renovate the 15th-floor condominium unit at 988 Fifth Avenue upon obtaining necessary approvals and permits from the Department of Buildings and the Landmarks Preservation Commission, is unanimously reversed, on the law, without costs, and plaintiff's motion is denied.

Plaintiff Penthouse Terraces, Inc., owner of a 15th-floor unit of an apartment building located at 988 Fifth Avenue, commenced the instant action in October 1988 against Thomas J. McGrath as president of the board of managers, and the board itself (collectively referred to as defendants), to allow it to obtain necessary municipal permits to make proposed alterations on the unit. Plaintiff asserted various causes of action by which it sought monetary damages totaling $2,000,000 and injunctive relief against defendants "from continuing to refuse to approve the proposed alterations".

988 Fifth Avenue is a luxury apartment building located across the street from the Metropolitan Museum of Art. It

consists of 14 floors of residential units topped off by a 15th floor consisting of nine maids' rooms and two hall bathrooms. In 1981, the building was converted to condominium ownership, with the sponsor retaining certain rights including ownership of the 15th floor. In 1986, one Baron Dumba, through a wholly owned corporation, Penthouse Terraces, Inc., sought to purchase the 15th-floor unit from the sponsor for $500,000. Although the board's president, Thomas J. McGrath, purportedly advised Dumba that board approval for major structural renovations to the 15th floor would be required and should not be assumed to be readily granted, Dumba, nevertheless, went ahead and purchased the unit from the sponsor. The 15th floor was subject to the Single Room Occupancy Law and, thus, a certificate of occupancy and an exemption had to be obtained from the Division of Housing and Community Renewal. Moreover, the building is located in a historic district and, thus, any window replacements could be made only with the prior approval of the Landmarks Preservation Commission. After commencement of major alternations to the 15th floor, defendant board blocked plaintiff's workmen from entering the building on the ground that the work was being performed without the necessary board approval or Buildings Department and Landmarks Preservation Commission permits.

Thereafter, plaintiff sought board approval of the alteration plan. Defendant board, however, denied plaintiff's request, presumably for the reasons noted above and the fact that there is no ready means of access to the 15th floor except by a fire staircase which triggers an alarm, and a nonautomatic freight elevator which is used for refuse.

In its reply papers on the motion for summary judgment, plaintiff, for the first time, relied on a "Sixth Amendment" to the offering plan, dated November 24, 1986, which is said to grant and assign to the purchaser of the 15th-floor unit the sponsor's unrestricted right to convert the 15th floor for residential purposes without the requisite board approval. In a surreply, defendants responded that they had never previously seen nor approved the amendment and that such amendment was without validity, as the sponsor's renovation rights were unassignable.

The IAS court denominated plaintiff's motion as one seeking injunctive relief and determined plaintiff had made a showing of entitlement primarily based upon the "Sixth Amendment" and the fact that the 15th floor is uninhabitable without renovations. Accordingly, the court granted plaintiff's motion

to the extent of directing defendants to permit plaintiff to renovate the 15th floor once it obtained the necessary permits from the Buildings Department and Landmarks Preservation Commission.

Whether one invokes the standard of review that applies to summary judgment motions pertaining to the nonexistence of material issues of fact (see, *Winegrad v New York Univ. Med. Center,* 64 NY2d 851, 853) or the standard of review concerning entitlement to injunctive relief (see, CPLR 6301; *Preston Corp. v Fabrication Enters.,* 68 NY2d 397, 406), the motion court erroneously granted relief to plaintiff. The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case (*Winegrad v New York Univ. Med. Center, supra*). To be entitled to a preliminary injunction, a party must demonstrate (1) likelihood of success on the merits; (2) irreparable injury if provisional relief is not granted; and (3) that the equities are in his favor (*Preston Corp. v Fabrication Enters., supra,* at 406). Plaintiff failed to meet the requirements for either type of relief.

Plaintiff, which purchased the subject apartment in December 1986, initially sought to obtain board approval for its alteration work on the apartment, as substantiated by its complaint and moving papers in support of judicial relief. Thus, plaintiff's actions gave rise to the implication that board permission had to be obtained in the normal course of its dealings with the board (see generally, *Matter of Levandusky v One Fifth Ave. Apt. Corp.,* 75 NY2d 530). Additionally, plaintiff never disputed the fact that McGrath, prior to the purchase of the 15th-floor unit, advised plaintiff that this would be the case.

Plaintiff relies on a "Sixth Amendment" to the offering plan, dated November 24, 1986, under which it is argued that the sponsor purports to transfer its right to make major renovations of the 15th floor without board approval. In defendants' surreply, they have asserted that they had never approved nor had previously seen the purported "Sixth Amendment". This calls its authenticity and validity into question and thus raises the existence of a material issue of fact (see, *Winegrad v New York Univ. Med. Center, supra*). In addition, plaintiff contends the sponsor's assignment of its rights under the "Sixth Amendment" was proper pursuant to article 23 of the offering plan. However, defendants counter that the sponsor's right to assign applies to successors in

interest and not to third-party purchasers, thus raising another issue of fact. Concur—Kupferman, J. P., Carro, Asch, Smith and Rubin, JJ.