■ PAUL BALME, Appellant, v STEVEN SATTERWHITE et al., Respondents.—Order and judgment (one paper), Supreme Court, New York County (Edward Greenfield, J.), entered November 25, 1991, which, inter alia, granted defendants' motion for summary judgment pursuant to CPLR 3212, dismissing the complaint, granted defendants' motion for summary judgment pursuant to CPLR 3212 (b) and 3001 on their first counterclaim for a judgment declaring that the plaintiff was duly removed as a general partner of defendant East Side Renaissance Associates ("ESRA"), and Tritos Associates ("Tritos"), granted defendants' motion for summary judgment on their second and third counterclaims on the issue of liability, while severing the portion thereof for an assessment of damages, and which granted defendants' motion seeking sanctions against the plaintiff and his attorney pursuant to section 130-1.1 of the Rules of the Chief Administrator of the Courts (22 NYCRR) to the extent of directing a hearing on the issue of sanctions at the same time and on the same date as the assessment of damages, unanimously affirmed, with costs.

The IAS Court, in dismissing the complaint and granting summary judgment on the defendants' first counterclaim, properly determined that the plaintiff had been removed as a general partner in the limited partnerships of ESRA and Tritos in accordance with the controlling provisions of section

14.5 of the Tritos Limited Partnership Agreement, which, in clear and unambiguous terms, authorized the removal of a general partner, with or without cause, by vote of more than 51% of the limited partnership interests, and that therefore plaintiff had no standing to bring the underlying action for judicial dissolution of the limited partnership *(Gelder Med. Group v Webber,* 41 NY2d 680, 683-684).

In granting summary judgment on defendants' second and third counterclaims seeking damages for injuries sustained by the defendants due to the issuance of an April 17, 1990 temporary restraining order as a result of the wrongful restraint of ESRA's assets, the IAS Court, based upon the plaintiff's egregious and inequitable conduct with respect to the property of the limited partnership, properly found a sufficient showing of bad faith and actual malice in the bringing of the underlying action so as to warrant recovery of damages resulting from the improper issuance of court process *(Preston Corp. v Fabrication Enters.,* 68 NY2d 397, 401)

We have reviewed the plaintiff's remaining claims and find them to be without merit. Concur—Sullivan, J. P., Ellerin, Wallach, Ross and Rubin, JJ.