■ 2339 EMPIRE MANAGEMENT, LLC, Appellant, v 2329 NOS-TRAND REALTY, LLC, et al., Respondents. [897 NYS2d 241]—

In an action, inter alia, to recover for damage to property, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Bayne, J.), dated April 7, 2008, as denied, without prejudice, that branch of its motion which was to direct the discharge of an undertaking that it gave prior to the granting of a temporary restraining order.

Ordered that the order is affirmed insofar as appealed from, with costs.

"If, on a motion for a preliminary injunction, the plaintiff shall show that immediate and irreparable injury, loss or damages will result unless the defendant is restrained before a hearing can be had, a temporary restraining order may be granted without notice" (CPLR 6313 [a]). "Prior to the granting of a temporary restraining order the court may, in its discretion, require the plaintiff to give an undertaking in an amount to be fixed by the court, containing terms similar to those set forth in subdivision (b) of rule 6312" (CPLR 6313 [c]; *see* Siegel, NY Prac § 330, at 529 [4th ed]). CPLR 6312 (b) provides in pertinent part that "prior to the granting of a preliminary injunction, the plaintiff shall give an undertaking in an amount to be fixed by the court [and] the plaintiff, if it is finally determined that he or she was not entitled to an injunction, will pay to the defendant all damages and costs which may be sustained by reason of the injunction" (CPLR 6312 [b]). "The damages sustained by reason of a preliminary injunction or temporary restraining order may be ascertained upon motion on such notice to all interested persons as the court shall direct" (CPLR 6315; *see Margolies v Encounter, Inc.*, 42 NY2d 475, 477 [1977]).

"Since the undertaking is [a defendant's] basis for damages (*cf. Honeywell, Inc. v Technical Bldg. Servs.*, 103 AD2d 433), discharging [a] plaintiff's undertaking without deciding the issue of [the] plaintiff's liability upon the undertaking [is] error" (*Schenectady Chems. v Flacke*, 113 AD2d 168, 171 [1985]; *see* Weinstein-Korn-Miller, NY Civ Prac ¶ 6312.04).

As there is nothing in the record to indicate that there has been a final determination as to whether the plaintiff was entitled to injunctive relief, the Supreme Court properly denied, without prejudice, that branch of the plaintiff's motion which was to direct the discharge of the undertaking (*see J. A. Preston Corp. v Fabrication Enters.*, 68 NY2d 397, 406 [1986]; *Straisa Realty Corp. v Woodbury Assoc.*, 185 AD2d 96, 100 [1993]; *Schenectady Chems. v Flacke*, 113 AD2d at 171; *see also Blueberries Gourmet v Aris Realty Corp.*, 255 AD2d 348, 350-351 [1998]; *Matter of Gandolfo v White*, 224 AD2d 526, 528 [1996]; *cf. Margolies v Encounter, Inc.*, 42 NY2d at 479; *Hathorn v Natural*

*Carbonic Gas Co.*, 163 App Div 768, 772 [1914]). Skelos, J.P., Eng, Belen and Austin, JJ., concur.