In an action, inter alia, for specific performance of an option to purchase certain real property dated September 27, 1990, the plaintiff appeals from stated portions of an order and judgment (one paper) of the Supreme Court, Queens County (Markey, J.), entered May 1, 2009, which, among other things, upon a decision of the same court dated December 11, 2008, made after a nonjury trial, inter alia, on the issue of damages on the defendants’ counterclaim, is in favor of the defendants and against him on the defendants’ counterclaim to recover use and occupancy in the principal sum of $133,057.91 plus interest from March 1, 1998, and granted that branch of the defendants’ cross motion which was pursuant to CPLR 6315 to recover damages sustained by virtue of a certain preliminary injunction to the extent of awarding the defendants damages in the sum of $43,998.39, and the defendants cross-appeal from stated portions of the same order and judgment which, among other things, granted that branch of their cross motion which was pursuant to CPLR 6315 to recover damages sustained by virtue of the preliminary injunction in the sum of only $43,998.39, without interest, and granted that branch of the plaintiffs motion which was to discharge the plaintiffs undertaking to the extent of directing the Clerk of the Supreme Court, Queens County, or whoever had possession of the funds constituting the plaintiffs undertaking, to discharge to the plaintiff the remaining portion of the plaintiffs undertaking after the payment of certain fees and commissions.
Ordered that the order and judgment is modified, on the law and in the exercise of discretion, (1) by deleting the provisions thereof awarding the defendants damages on their counterclaim *694 to recover use and occupancy in the principal sum of $133,057.91 plus interest from March 1, 1998, and substituting therefor a provision awarding the defendants damages on their counterclaim to recover use and occupancy in the principal sum of $10,347.24 plus interest from October 1, 2001, and (2) by deleting the provisions thereof awarding the defendants damages pursuant to CPLR 6315 in the sum of $43,998.39, without interest, and granting that branch of the plaintiffs motion which was to discharge the plaintiffs undertaking to the extent of directing the Clerk of the Supreme Court, Queens County, or whoever had possession of the funds constituting the plaintiffs undertaking, to charge to the plaintiff the remaining portion of the plaintiffs undertaking after the payment of certain fees and commissions, and substituting therefor provisions awarding the defendants damages pursuant to CPLR 6315 in the sum of $166,708.06 plus interest from March 18, 2002, and denying that branch of the plaintiffs motion; as so modified, the order and judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for the calculation of the interest due in accordance herewith and the entry of an appropriate amended order and judgment thereafter.
The plaintiff commenced this action, inter alia, for specific performance of an option to purchase certain real property dated September 27, 1990. The defendants, the owners of the subject property, interposed a counterclaim to recover for use and occupancy.
The plaintiff moved for a preliminary injunction enjoining the defendants from terminating his occupancy pending the determination of this action. The Supreme Court granted the plaintiffs motion and fixed the amount of the undertaking at $200,000. This Court subsequently modified the amount of the undertaking by reducing it to $108,000 (see Lelekakis v Kamamis, 303 AD2d 380 [2003]). Pursuant to various subsequent orders, the plaintiff was required to post additional undertakings until the total undertaking reached $167,000.
After a nonjury trial, the Supreme Court concluded that, although the purported option to purchase the property was unenforceable, the plaintiff was nevertheless entitled to recover the $303,000 he had paid towards the purchase price. The court also severed the portion of the defendants’ counterclaim which was to recover use and occupancy accruing subsequent to August 27, 2001, and dismissed the remaining portion of the defendants’ counterclaim. Accordingly, a judgment (hereinafter the first judgment) in favor of the plaintiff and against the *695 defendants was entered on August 15, 2005. The preliminary injunction remained in effect through September 21, 2006.
On appeal from the first judgment, this Court concluded that the Supreme Court should not have dismissed any part of the counterclaim to recover use and occupancy and improvidently exercised its discretion in severing the portion of the counterclaim which was to recover use and occupancy accruing subsequent to August 27, 2001 (see Lelekakis v Kamamis, 41 AD3d 662 [2007]). This Court remitted the matter to the Supreme Court, Queens County, “for a trial to determine the amount of use and occupancy owed by the plaintiff to the defendants, and for the entry of an amended judgment thereafter, to be calculated by deducting the sum awarded to the defendants for use and occupancy from the principal sum [of $303,000] awarded to the plaintiff’ (id. at 665).
On remittal, the plaintiff moved, inter alia, to discharge the undertaking. The defendants cross-moved pursuant to CPLR 6315 to recover, up to the amount of the undertaking, damages allegedly sustained by virtue of the preliminary injunction.
After a second trial, the Supreme Court determined that the defendants were entitled to $442,651.62 for the plaintiffs use and occupancy of the subject premises for the period beginning September 27, 1990, up to and including August 15, 2005. After deducting the $303,000 previously awarded to the plaintiff, the court determined that the defendants were entitled to judgment in the principal amount of $139,651.62 plus prejudgment interest from March 1, 1998, a date determined by the court to be a reasonable intermediate date under CPLR 5001 (b).
In considering that branch of the plaintiffs motion which was to discharge the plaintiff’s undertaking and the defendants’ cross motion to recover damages pursuant to CPLR 6315, the court concluded that the defendants were entitled to the damages sustained by reason of the preliminary injunction from March 18, 2002, through September 21, 2006. The court concluded that such damages included reasonable rent and profits for the subject property during that period. Although the court determined, based on the evidence presented at the second trial, the reasonable rent and profits for the entire period during which the preliminary injunction was in effect, the court only awarded the defendants damages for reasonable rent and profits from August 16, 2005, until September 21, 2006. Accordingly, the court granted the defendants’ cross motion only to the extent of awarding them damages pursuant to CPLR 6315 in the amount of $43,998.39, without interest, representing reasonable rent and profits for the period from August 16, 2005, *696 until September 21, 2006. The court granted that branch of the plaintiff’s motion which was to discharge the plaintiff’s undertaking to the extent of directing the Clerk of the Supreme Court, Queens County, or whoever had possession of the funds constituting the plaintiff’s undertaking, to discharge to the plaintiff the remaining portion of the plaintiffs undertaking after the payment of certain fees and commissions.
On May 1, 2009, the court entered an order and judgment in favor of the defendants and against the plaintiff on the defendants’ counterclaim to recover use and occupancy in the principal sum of $133,057.91 plus interest from March 1, 1998, and in favor of the defendants and against the plaintiff pursuant to CPLR 6315 for damages sustained by virtue of the preliminary injunction in the sum of $43,998.39, without interest, and directed a remaining portion of the undertaking to be discharged to the plaintiff after the payment of certain fees and commissions.
Contrary to the plaintiff’s contention, the Supreme Court properly permitted the defendants’ real estate expert to testify about the reasonable rental value of the subject property during the relevant time periods (see De Long v County of Erie, 60 NY2d 296, 307 [1983]; Riccio v NHT Owners, LLC, 79 AD3d 998, 1000 [2010]; see also Moyal v Moyal, 85 AD3d 614, 615 [2011]; Sharlow v Sharlow, 77 AD3d 1430,1432 [2010]; National Bank of N. Am. v Systems Home Improvement, 69 AD2d 557, 562-563 [1979], affd 50 NY2d 814 [1980]). Contrary to the plaintiff’s further contention, the evidence submitted by the defendants at the second trial was sufficient to establish, prima facie, the reasonable rental value of the subject property during the relevant time periods (see generally Franjo Transp. v B & K Fleet Serv., 226 AD2d 674, 675 [1996]).
We agree with the defendants that the Supreme Court should have awarded them damages, pursuant to CPLR 6315, for the entire period during which the preliminary injunction was in effect. CPLR 6312 (b) provides, in pertinent part, that “prior to the granting of a preliminary injunction, the plaintiff shall give an undertaking in an amount to be fixed by the court [and] the plaintiff, if it is finally determined that he or she was not entitled to an injunction, will pay to the defendant all damages and costs which may be sustained by reason of the injunction” (CPLR 6312 [b]; see 2339 Empire Mgt., LLC v 2329 Nostrand Realty, LLC, 71 AD3d 998, 999 [2010]). “The damages sustained by reason of a preliminary injunction or temporary restraining order may be ascertained upon motion on such notice to all interested persons as the court shall direct” (CPLR 6315; see Margolies v Encounter, Inc., 42 NY2d 475, 477 [1977]).
*697 Here, the Supreme Court properly concluded that the defendants sustained damages by reason of the preliminary injunction in the form of lost rent and profits for the entire period during which the preliminary injunction was in effect (see CPLR 6312 [b]). Under these circumstances, the court should have granted the defendants’ cross motion in its entirety and awarded them damages pursuant to CPLR 6315 for the entire period during which the preliminary injunction was in effect—from March 18, 2002, through September 21, 2006 (see id.). Furthermore, under the circumstances of this case, the defendants were entitled to recover interest on this amount (see Republic of Croatia v Trustee of Marquess of Northampton 1987 Settlement, 232 AD2d 216 [1996]; see also 13-R6312 Weinstein-Korn-Miller, NY Civ Prac CPLR 1Í 6312.05 [2]). Accordingly, since the court only awarded the defendants damages pursuant to CPLR 6315 for the period from August 16, 2005, until September 21, 2006, and since it did not award interest on those damages, the order and judgment should be modified by deleting the provisions thereof awarding the defendants damages pursuant to CPLR 6315 in the sum of $43,998.39, without interest, and granting that branch of the plaintiff’s motion which was to discharge the plaintiff’s undertaking to the extent of directing the Clerk of the Supreme Court, Queens County, or whoever had possession of the funds constituting the plaintiff’s undertaking, to discharge to the plaintiff the remaining portion of the plaintiff’s undertaking after the payment of certain fees and commissions, and substituting therefor provisions awarding the defendants damages pursuant to CPLR 6315 in the sum of $166,708.06 plus interest from March 18, 2002, and denying that branch of the plaintiffs motion.
However, as the plaintiff correctly contends, once the defendants are permitted to recover damages in the form of lost rent and profits pursuant to CPLR 6315 for the entire period during which the preliminary injunction was in effect, they may not also recover damages pursuant to their counterclaim for use and occupancy to the extent that it pertains to that period (see generally American Woolen Co. of N.Y. v Samuelsohn, 226 NY 61, 66 [1919]; Sabeno v Mitsubishi Motors Credit of Am., Inc., 20 AD3d 466, 468-469 [2005]). Consequently, the defendants are only entitled to recover damages on their counterclaim for use and occupancy for the period beginning when the plaintiff began residing at the property on September 27, 1990, until the date the preliminary injunction was issued on March 18, 2002. Furthermore, while “in an action of an equitable nature, interest and the rate and date from which it shall be computed shall be in the court’s discretion” (CPLR 5001 [a]), under the circum *698 stances of this case, the Supreme Court improvidently exercised its discretion by directing that interest be calculated from March 1, 1998. Accordingly, the order and judgment should be modified by deleting the provisions thereof awarding the defendants damages on their counterclaim to recover use and occupancy in the principal sum of $133,057.91 plus interest from March 1, 1998, and substituting therefor a provision awarding the defendants damages on their counterclaim to recover use and occupancy in the principal sum of $10,347.24 plus interest from October 1, 2001, representing the date on which the plaintiff purportedly exercised his option.
The parties’ remaining contentions are either improperly raised for the first time on appeal or without merit. Dillon, J.P., Angiolillo, Leventhal and Miller, JJ., concur.